NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAREY F. DALY,<br><br>      Plaintiff - Appellant,<br><br> v.<br><br>PEARL SPIRITS, INC., a California corporation; PATRICK SILVAGNIA; DAVID LEE; LUXCO, INC., a Missouri corporation,<br><br>      Defendants - Appellees. | No. 09-17823<br><br>D.C. No. 4:08-cv-04398-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted April 13, 2011
San Francisco, California

Before: FERNANDEZ and RAWLINSON, Circuit Judges, and WELLS, Senior District Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Lesley Wells, Senior District Judge, United States District Court, District of Northern Ohio, sitting by designation.

Appellant Carey F. Daly (Daly) appeals the district court's grant of summary judgment in favor of Defendants on Daly's various state law claims and a claim based on the Racketeer Influenced and Corrupt Organizations Act (RICO). Daly asserts that the district court erred in determining that his claims were time-barred.[1]

## 1.     State-Law Based Claims

Daly asserted state law claims of conversion and concealment. The statute of limitations for these claims is three years. *See* Cal. Civ. Proc. § 338(c) and (d). The statute of limitations for conversion begins to run from the date of the conversion, however, where there has been fraudulent concealment of the conversion, the limitations period begins to run when the "the aggrieved party discovers or ought to have discovered the existence of the cause of action for conversion." *Strasberg v. Odyssey Group, Inc.*, 51 Cal.App.4th 906, 916 (1996) (citations omitted). The discovery rule applies to the running of the statute of limitations for a claim of concealment as well. *See Unruh-Haxton v. Regents of Univ. of Cal.*, 162 Cal. App.4th 343, 367 (2008).

Daly's state-law claims accrued no later than May, 2004, when he demonstrated awareness of any purported conversion and concealment in an email,

_____

[1]Daly did not challenge on appeal dismissal of his claims for fraud and breach of fiduciary duty, or several of his RICO-related claims.

and opined that a suit should be filed against Appellees and "anyone else complicit in this scam." Daly's state law-claims were time-barred when he filed suit in June, 2008.

## 2. Civil RICO Claim

"The statute of limitations for civil RICO actions is four years." *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) (citation and footnote reference omitted). "The limitations period for civil RICO actions begins to run when a plaintiff knows or should know of the injury which is the basis for the action." *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 365 (9th Cir. 2005) (citation omitted).

In May, 2004, Daly learned that the company had sold licensing rights to a third-party, who had the option to purchase the company's sole asset at the conclusion of the agreement. Daly's civil RICO claim is time-barred because Daly had "enough information to warrant an investigation" by May, 2004. *Living Designs*, 431 F.3d at 365. Indeed, by May, 2004, Daly's attorney had already drafted a complaint against Appellees. Daly's argument that the third-party's exercise of the option to purchase in 2006 triggered the statute of limitations is foreclosed by *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415 (9th Cir. 1987) (holding that the operative date on which the RICO statute of limitations began to

3

run is when a plaintiff learns of the wrong, not the date on which it sustained the loss).

**AFFIRMED.**